THOMPSON et al. v. COE, Com'r of Patents.

No. 8309.

United States Court of Appeals for the District of Columbia.

Decided Oct. 25, 1943.

Mr. Arthur W. Dickey, of Detroit, Mich., of the Bar of the Supreme Court of the United States, pro hac vice, by special leave of court, with whom Mr. Stephen W. Blore, of Washington, D. C., was on the brief, for appellants.

Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

The invention claimed in this case is for a process of rust-proofing metallic objects. The three claims selected by appellants as typical are set out in the margin.[1] The District Court decided that none of the claims recites anything amounting to invention over the prior art. Appellants challenge other findings of the court which are concerned with the sufficiency of evidence to support particular claims and with particular references upon which the Commissioner relied. But it is not necessary to consider these contentions. It is obvious, we think, that there is nothing in the claims in dispute which approaches the dignity of invention.[2] Conceding the utility of appellants' process, nevertheless, in developing it, they accomplished no more than a skilled mechanic should have been expected reasonably to do, assuming that he was acquainted with the prior art.[3]

[1] "20. In the rust-proofing of metallic objects by subjecting the same to the action of an aqueous solution of rust-proofing material, the step of applying water to the object prior to immersion in the rust-proofing solution and breaking down the surface tension of the water by mechanical means to effect a complete wetting of the surface of the object immediately prior to the rust-proofing step whereby said solution will immediately attack the entire surface of the object with substantially equal intensity.

"22. In the rust-proofing of metallic objects by subjecting them to the action of an aqueous solution of rust-proofing compound, and the employment of rolls in the preparation of the object for the rust-proofing step, the step of subjecting said object to a squeezing operation between said rolls in the presence of water whereby said rolls break down the surface tension of said water and completely wet the surface of the same for reception of the rust-proofing solution, and then immediately subjecting said wetted surface to said aqueous solution of rust-proofing compound.

"23. The use of rolls in the rust-proofing of metallic objects by the action of an aqueous solution of rust-proofing compound, the step of subjecting the object to a squeezing action between said rolls in the presence of water to effect a complete wetting of the surface of the object preliminery [sic] to the action of said rust-proofing compound thereon, and then subjecting said object to the action of said aqueous solution of rust-proofing compound while said surface remains completely wetted."

[2] Minnesota Min. & Mfg. Co. v. Coe, 69 App.D.C. 217, 220, 99 F.2d 986, 989, and authorities there cited.

[3] L. Sonneborn Sons, Inc., v. Coe, 70 App.D.C. 97, 100, 104 F.2d 230, 233, and authorities there cited; Standard Cap & Seal Corp. v. Coe, 75 U.S.App.D.C. 60, 63, 124 F.2d 278, 281.

Whatever may be the characteristics of that flash of genius which is required to justify the granting of a patent, it certainly is not present here.[4]

Affirmed.

---

[4] Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 91, 62 S.Ct. 37, 86 L.Ed. 58. Cf. Chicago Steel Foundry Co. v. Burnside Steel Foundry Co., 7 Cir., 132 F.2d 812, 817, noted in 11 Geo. Wash.L.Rev. 535, 25 J.Pat.Off.Soc. 141; Weidhaas v. Loew's Inc., 2 Cir., 125 F.2d 544, 545. See Holcombe, Inventive Concept and the Cuno Case, 24 J.Pat.Off.Soc. 678; Nielsen, Flash of Genius, 24 J.Pat. Off.Soc. 371.