**SPIALTER et al. v. MARZALL, Commissioner of Patents.**

**Civ. A. No. 3085–49.**

United States District Court
District of Columbia.

Feb. 12, 1951.

Sol Shappirio, Washington, D. C., for plaintiff.

E. L. Reynolds, United States Patent Office, Washington, D. C., for defendant.

PINE, District Judge.

This is an action under § 4915 R.S., 35 U.S.C. § 63, seeking an adjudication that plaintiff is entitled to a patent on a high wet strength paper and the method of making it. The process consists in subjecting a cellulose paper web to the action of silicon tetrachloride or some other inorganic halide of silicon or titanium in order to increase its wet strength. The basic reference is a patent to Callinan, No. 2394040, which teaches the treatment of an asbestos web with the same materials and for the same purpose. The sole issue is whether plaintiff, in following the teaching of Callinan in the treatment of cellulosic material, has accomplished more than should have been expected of a skilled mechanic, assuming that he was acquainted with the prior art.[1]

Plaintiff points out that asbestos is inorganic and cellulose is organic, and, as shown by the evidence, the reaction of silicon tetrachloride with asbestos is different from that with cellulose. But this is far from an answer to the problem of whether it was obvious to a skilled worker to do what plaintiff has done. On that point it is proper to consider the equivalence in use of asbestos and cellulose, and in that connection the evidence discloses they have many uses in common, e. g., for electrical and heat insulation, gloves, aprons, etc. That their equivalence is recognized in the

1. Sinclair & Carroll Co. v. Interchemical Co., 325 U.S. 327, 330, 65 S.Ct. 1143, 89 L.Ed. 1644; Potts v. Coe, 79 U.S. App.D.C. 223, 224, 145 F.2d 27; Thompson v. Coe, 78 U.S.App.D.C. 174, 138 F.2d 284; Murphy v. Coe, 69 App.D.C. 225, 99 F.2d 994.

art as extending to the treatment of both in sheet form is shown by the patent to Patnode, No. 2306222. True it is that Patnode teaches a different treatment and produces a different result from those disclosed by plaintiff, but he does show a recognition of similarity to the extent that a treatment which produces a certain effect on asbestos would have a similar effect on cellulose. Furthermore, plaintiff's application, before amendment, recognized the equivalence of asbestos and cellulose.[2] Lastly, the testimony of plaintiff's own witness, a chemist skilled in the art, is to the effect that Callinan's disclosure in respect of asbestos would suggest to a skilled worker in the art the idea of trying the same treatment on cellulose.[3]

For these reasons I am of the opinion that there was no invention in applying Callinan's process for increasing the wet strength of asbestos web to a cellulose web for the same purpose.

Counsel will submit findings of fact and conclusions of law and judgment.

2. In re Switzer, 166 F.2d 827, 35 C.C.P.A., Patents, 1013; Kissock v. Duquesne Steel Foundry Co., 3 Cir., 37 F.2d 249.

3. Naamlooze Venootschafs v. Coe, 76 U.S. App.D.C. 313, 132 F.2d 573; Krause v. Coe, 74 App.D.C. 47, 120 F.2d 717.